Dear Representative Dartez:
Your inquiry to this office requires our review of Act 1195 of the 2001 Regular Legislative Session. Act 1195 provides for the licensure of Louisiana Marriage and Family Therapists (LMFTs) and places these provisions within Chapter Thirteen of Title 37 of the Louisiana Revised Statutes pertaining to "Mental Health Counselors".
The Louisiana Licensed Professional Counselors Board of Examiners (LPC) is the licensing board with respect to the mental health counseling profession. At issue is whether remedial legislation is necessary to accomplish the stated goal of allowing marriage and family therapists to independently regulate the marriage and family therapy profession in Louisiana, outside the authority of the LPC Board. Having reviewed Act 1195, we find such remedial legislation to be necessary.
The Louisiana Licensed Professional Counselors Board of Examiners is a nine-member state board created pursuant to R.S. 37:1104 and falls within the jurisdiction of the Department of Health and Hospitals. The Board has the authority to issue licenses to mental health counselors pursuant to R.S. 37:1105(E).
The Board further has the same authority with respect to marriage and family therapists. Specifically, R.S. 37:1116(A) requires each person desiring to become a licensed marriage and family therapist to "make application to the board upon such forms and in such manner as the board prescribes."
Act 1195 requires the LPC Board to establish the Louisiana Marriage and Family Therapists Advisory Committee, consisting of two LPC board members and one non-board member, all three to be appointed by the governor from a list of names submitted by the Louisiana Association of Marriage and Family Therapy. See R.S. 37:1104(B) (2) (a). R.S. 37:1104(B) (2) (b) specifically requires the Advisory Committee to define "the functions of the advisory committee . . . by rules and regulations developed by the advisory committee, promulgated by the board,". Further, such functions "may include but are not limited to develop rules and regulations in accordance with the Administrative Procedure Act as it may deem necessary to implement the provisions of this Chapter for promulgation and implementation by the board." See R.S. 37:1104(B) (2) (c) (i).
The language of R.S. 37:1104(B) (2) indicates that the Board is notmandated to promulgate the rules adopted by the Advisory Committee. Rules of statutory construction dictate that use of the word "shall" is mandatory, and in the absence of its use, we cannot determine that the Board is compelled to without question adopt rules as presented by the Advisory Committee. See R.S. 1:3, providing that "words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language . . . The word "shall" ismandatory and the word "may" is permissive."
Further, the Board retains its general rule-making authority under R.S. 37:1105(D) stating, "the board shall adopt such rules, regulations, and examination procedures as it may deem necessary to effect the provisions of this Chapter. ". Thus, in response to your first question, we conclude that the LPC Board has the authority to review, amend, and either approve or deny proposed LMFT rules recommended by the Advisory Committee.
Your second question is two-fold: Whether the Board or the Advisory Committee conducts disciplinary hearings for LMFTs, and, in either event does the Board have the authority to independently rule on disciplinary actions, or must it defer to the Advisory Committee on such issues?
The law reflects that the LPC Board alone is empowered to conduct disciplinary hearings. R.S. 37:1110 requires the Board to "withhold, deny, revoke, or suspend any license issued or applied for in accordance with the provisions of this chapter" in accord with a list of statutory violations. Further, the Board is not compelled to institute a disciplinary action upon recommendation of the Advisory Committee, but rather "may deny, revoke, or suspend a license as a marriage and family therapist, upon recommendation by the advisory committee ". See R.S.37:1120(A). Further, the Board is unilaterally empowered to institute a hearing upon complaint filed by any person with the Board. See R.S.37:1120(C).
In the opinion of this office, the Advisory Committee by its very name indicates that the committee is subordinate to the LPC Board as the entity which created it. Further, an "advisory committee" connotes only the ability of the committee to recommend or suggest. Finality with regard to rules and regulations governing the profession of marriage and family therapists, in addition to disciplinary actions, remains with the LPC Board. The provisions of Act 1195 as the Act changes the mental health counseling profession do not persuade us to adopt a contrary conclusion.
Further legislation is necessary to allow the Advisory Committee to independently regulate the marriage and family therapy profession.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ____________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams